**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Davis and Debra Davis, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>U.S. Bank National Association as Trustee for RGMSI 2006S12 Residential Funding, LLC fka Residential Funding Corporation; Mortgage Electronic Registration Systems; Merscorp; Executive Trustee Services, LLC; and Doe Corporations 1-40,<br><br>    Defendants. | No. CV-11-01686-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss Complaint (Doc. 6), which the Court will grant.

**I.  Background**

On September 1, 2006, Plaintiffs executed a promissory note and deed of trust in the amount of $510,000, secured by property located at 1095 W. Via Palmas, Queen Creek, Arizona 85242. At some point, Plaintiffs defaulted on their note, and a Notice of Trustee's Sale of the property was recorded on October 20, 2010. A trustee's sale of the property has not yet occurred.

Plaintiffs sought a preliminary injunction and temporary restraining order in Pinal County Superior Court on June 30, 2011. After Plaintiffs' request for a preliminary

injunction and temporary restraining order was denied, Plaintiffs filed the currently pending complaint for breach of contract, accounting, quiet title. Defendants removed the action to this Court on August 25, 2011 (Doc. 1).

## II. Legal Standards

### A. Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . . , yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

### B. Rule 9(b), Federal Rules of Civil Procedure

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotations, alterations, and citations omitted).

### C. Rule 12(b)(6), Federal Rules of Civil Procedure

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

## III. Analysis

Defendants moved to dismiss Plaintiffs' complaint on September 1, 2011 (Doc. 6). Although Plaintiffs' response to Defendants' motion was due on September 19, 2011, no response has been filed with this Court. Failure to respond alone is grounds for the Court to grant Defendants' motion to dismiss. *See* LRCiv. 7.2(i). The Court finds Plaintiffs' failure to respond to Defendants' motion constitutes acquiescence to the motion being granted. Nevertheless, the Court agrees with Defendants' substantive analysis; the complaint fails to allege sufficient facts to state a plausible claim for breach of contract, accounting, or quiet title. The Court will therefore grant Defendants' motion to dismiss on the merits for the

reasons stated in Defendants' motion.

**IV.     Leave to Amend**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs will be given an opportunity to amend their complaint to make clear their allegations in short, plain statements that state a plausible claim for relief. Any amended complaint must conform to the requirements of Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure.  Plaintiffs are warned that if they elect to file an amended complaint and fail to comply with the Federal Rules of Civil Procedure, the action may be dismissed.  *See* Fed. R. Civ. P. Rule 41(b); *McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 6) is granted.

IT IS FURTHER ORDERED that Plaintiffs may file an amended complaint by October 28, 2011.  The Clerk is directed to terminate this case without further order if Plaintiffs do not file an amended complaint by October 28, 2011.

DATED this 6th day of October, 2011.

_____
Neil V. Wake
United States District Judge